IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| PAUL LOCKHART,<br><br>    Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA, INC., JOHN DOE MANAGER and ABC CORP.,<br><br>    Defendants. | Civil Action<br>File No.: |

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW, Family Dollar Stores of Georgia, LLC by and through its undersigned counsel, and files its Petition for Removal and respectfully show this Court the following:

1. A civil action has been filed and is now pending in the State Court of Gwinnett County, State of Georgia, designated as Civil Action File No. 21-C-07111-S5.

2. The Summons and Complaint in that action were filed in the State Court of Gwinnett County on September 29, 2021. Family Dollar was served on October 1, 2021, and thus, timely files this petition for removal.

3. Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibit "A").

4. At all times relevant to this lawsuit, Defendant Family Dollar Stores of Georgia, Inc. is now known as Family Dollar Stores of Georgia, LLC.

Defendant Family Dollar is now, was at the commencement of this suit, and at all times since been a limited liability corporation organized and existing under the laws of the Virginia. Defendant has one member, which is Family Dollar Stores, Inc., an entity organized under the laws of Delaware and having its principal place of business in Virginia.

5. Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Mr. Lockart's Complaint alleges that he slipped and fell on March 18, 2020, injuring himself in the fall. Specifically, he claims that he suffered serious and permanent injuries. [Compl. ¶¶ 13, 23, 39]. Mr. Lockart is also claiming that as a result of this fall, he suffered mental anguish, loss of enjoyment of life, lost wages, and loss of consortium. [Compl. ¶¶ 26, 42, 49]. Mr. Lockart alleged that he has incurred in excess of $50,500.00 and that several medical bills are still outstanding. [Compl. ¶ 42].

7. Mr. Lockart also provided a surgical estimate from Barbour Orthopaedics & Sports Medicine totaling $17,416.60. This estimate does not include facilities fees or

anesthesia fees. Mr. Lockart also provided a pre-suit demand totaling $350,000.00 where he provided over 100 pages of medical records in support of this demand. Mr. Lockart's demand is attached as Exhibit "B." See Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) (citing to Lowery, 483 F.3d at 1212 n.62).

In Harris v. Bloomin' Brands, Inc., 1:18-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of Johnson v. Blackburn, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. Id.

Here, similar to the Plaintiff in Harris, Mr. Lockart alleges that he severely injured his neck and back and will require at least one surgical procedure. Mr. Lockart has already incurred medical bills five times more than the plaintiff in Harris and anticipates more treatments. These allegations are similar to the allegations in both Harris and Johnson. Accordingly, based on these similarities to these recent cases, it is clear that the jurisdictional minimum is met here.

8. Defendant is not a citizen of the State in which the State Court action is brought.

9. The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

10. Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia marked as Exhibit "C."

11. This action is currently pending in the State Court of Gwinnett County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

WHEREFORE the Defendant prays the above action now pending before the State Court of Gwinnett County, Georgia be removed to this Court's jurisdiction.

This 27th day of October, 2021.

        Goodman McGuffey LLP
        Attorneys for Family Dollar Stores of Georgia, LLC

By:   */s/James T. Hankins, III*
      JAMES T. HANKINS, III
      GA State Bar No. 188771
      jhankins@GM-LLP.com
      3340 Peachtree Road NE, Suite 2100
      Atlanta, GA 30326-1084
      (404) 264-1500 Phone
      (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| PAUL LOCKHART,<br><br>    Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA, INC., JOHN DOE MANAGER and ABC CORP.,<br><br>    Defendants. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of Petition for Removal by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Twila Harris, Esq.
Monge & Associates
8205 Dunwoody Place, Bldg. 19
Atlanta, GA 30350
twila@monge.lawyer
*Attorney for Plaintiff*

This 27th day of October, 2021.

/s/James T. Hankins, III
JAMES T. HANKINS, III
GA State Bar No. 188771
jhankins@gm-llp.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

Certificate of Service for Petition for Removal