# EXHIBIT "A"

Case 1:21-cv-04448-WMR   Document 1-1   Filed 10/27/21   Page 2 of 17

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-07111-S
9/29/2021 9:04 AM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett__ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number __21-C-07111-S5__ |

**Plaintiff(s)**

Lockhart, Paul
Last       First       Middle I.   Suffix   Prefix

_____
Last       First       Middle I.   Suffix   Prefix

_____
Last       First       Middle I.   Suffix   Prefix

_____
Last       First       Middle I.   Suffix   Prefix

**Defendant(s)**

Family Dollar Stores of Georgia, Inc.
Last       First       Middle I.   Suffix   Prefix

Doe, John
Last       First       Middle I.   Suffix   Prefix

ABC Corp
Last       First       Middle I.   Suffix   Prefix

_____
Last       First       Middle I.   Suffix   Prefix

**Plaintiff's Attorney** __Twila Harris__   **State Bar Number** __006843__   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Contempt |
| ☐ Contempt/Modification/Other Post-Judgment |    ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contract | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☐ General Tort | ☐ Modification |
| ☐ Habeas Corpus |    ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☐ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☒ Other General Civil | |

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Case 1:21-cv-04448-WMR   Document 1-1   Filed 10/27/21   Page 3 of 17

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-07111-S
9/29/2021 9:04 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL LOCKHART, | * | |
| | * | |
| Plaintiff, | * | Civil File No. 21-C-07111-S5 |
| | * | |
| vs. | * | |
| | * | |
| FAMILY DOLLAR STORES OF GEORGIA, INC. JOHN DOE MANAGER and ABC CORP., | * | |
| | * | |
| Defendants. | * | **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, PAUL LOCKHART, by and through his counsel of record and files this Complaint for Damages against Defendants, FAMILY DOLLAR STORES OF GEORGIA, INC. and JOHN DOE MANAGER shows this Honorable Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff, Paul Lockhart (hereinafter referred to as "Plaintiff" or "Jordan") is a resident of the State of Georgia and was injured on Defendant's premises on March 18, 2020.

2.

Defendant, Family Dollar stores of Georgia, Inc. (hereinafter referred to as "Defendant Family Dollar" or "Family Dollar") is a foreign corporation authorized to transact business in the State of Georgia. Defendant Family Dollar owns and operates a store located at 1531 Campbellton Rd., Atlanta, Georgia 30311. Defendant Family Dollar may be served with Summons and Complaint as provided by law through its Registered Agent, Corporation Service

1

Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3.

Defendant Family Dollar is subject to the jurisdiction of this Court.

4.

Defendant John Doe Manager (hereinafter referred to as "Defendant Manager") and ABC Corp.; are unidentified at this time.

5.

Jurisdiction and Venue are proper in this Court.

6.

Service of process was proper as to all Defendants.

7.

Service of process was timely made on all Defendants.

**FACTUAL BACKGROUND**

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 7 above as if fully restated.

8.

On or about March 18, 2020, Plaintiff was an invitee at Defendant Family Dollar's home improvement store located at 1531 Campbellton Rd., Atlanta, Georgia 30311.

9.

At said time and place, Plaintiff was lawfully upon the premises for the purpose of purchasing items from the home improvement store.

10.

Plaintiff was shopping in the Family Dollar store located at 1531 Campbellton Rd., Atlanta, Georgia 30311 (hereinafter "subject premise") just prior to the subject fall.

11.

Unbeknownst to Plaintiff, a slippery unknown substance, was on the floor of the subject premises.

12.

Suddenly and without warning, as there were no warning signs in the area, Plaintiff slipped and fell as a result of the slippery substance that had been left on the floor of the subject premises.

13.

As a result of the slippery substance and resulting fall, the Plaintiff suffered serious and permanent injuries.

## COUNT I: NEGLIGENCE OF DEFENDANT
## FAMILY DOLLAR

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 13 above as if fully restated.

14.

Under Georgia law, "where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1

15.

Defendant Family Dollar had a non-delegable duty to maintain safe premises to the

Plaintiff and breached said duty.

16.

Defendant Family Dollar had actual and/or constructive knowledge of the hazardous substance.

17.

There were no cones or warning signs in the area at the time of Plaintiff's fall.

18.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and failing to keep its premises safe for invitees.

19.

At all times material hereto, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

20.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondent superior*, agency or apparent agency.

21.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises, and in failing to train and supervise its employees concerning safety procedures for inspection, cleaning and maintaining the premises.

22.

Plaintiff lacked knowledge of the hazard despite her exercise of ordinary care.

23.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Family Dollar, Plaintiff suffered serious and permanent injuries and damages.

## **COUNT II: NEGLIGENT MAINTENANCE OF PREMISES**

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 23 above as if fully restated.

24.

At all times relevant, Defendant Family Dollar, also including its agents, employees, and/or delegates, owed Plaintiff Lockhart a duty to exercise that degree of care ordinarily possessed and exercised by owners, operators, constructors, managers, and maintainers of premises open to invitees. This duty included, but was not limited to, Defendant Family Dollar's obligation to exercise ordinary care in maintaining said premises against the existence of dangerous and hazardous conditions. As such Defendant Family Dollar owed a legal duty under O.C.G.A. § 51-3-1 of reasonable care to invitees to inspect and keep the premises in a safe condition.

25.

Defendant Family Dollar had actual or constructive knowledge of the hazardous liquid on the floor, but despite that knowledge, Defendant Family Dollar failed to exercise ordinary care in keeping the premises safe for the invitee and it did not adequately and reasonably maintain said premises by removing or fixing the dangerous and hazardous conditions.

26.

As a direct and proximate result of Defendant Family Dollar's negligence, Plaintiff

Lockhart sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, lost wages, and/or other damages, including, but not limited to, medical expenses as will be proven at trial and permitted under Georgia law.

### COUNT III: NELIGENCE OF DEFENDANT MANAGER

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 26 above as if fully restated.

27.

At all relevant times Defendant Manager was an employee and/or agent of Family Dollar and was responsible for maintaining the premises in a safe condition on behalf of the Family Dollar by inspecting and maintaining the premises and by supervising employees at the above referenced location.

28.

At all relevant times, Defendant Manager had or should have had employees in the area where the incident occurred and therefore had actual and/or constructive knowledge of the hazardous condition and could have prevented the injury.

29.

Defendant Manager was present in the store on the date of the subject incident.

28.

As manager(s) of the subject location, Defendant Manager was responsible for the training of its employees as well as the implementation of safety policies and procedures.

30.

At the time of the subject incident, Defendant Manager possessed and controlled the subject premises where the incident occurred such that he was the occupier of the premises at the time of the Plaintiff's injury.

31.

At the time of the subject incident, Plaintiff was an invitee on the premises and as such Defendant Manager had a legal duty to perform supervisory services in a reasonable and prudent manner and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

32.

Defendant Manager breached his legal duties to perform his supervisory duties in a reasonable and prudent manner by failing to inspect the premises to discover any hazards and by negligently supervising the employees under his authority.

33.

Defendant Manager's negligent supervision included the failure to adequately monitor the assistant managers and the line-level employees to ensure that they were inspecting the store for hazards in a reasonable manner and adequately and properly cleaning the floors of the store. Defendant Manager's oversight duties were not completed in a reasonably prudent manner.

34.

Each manager had meaningful input into the development and implementation of store policies and procedures at the time of this incident. Although he may have worked in collaboration with other senior off-site management in these efforts, his input was critical and instrumental in the development and implementation of safety policies and procedures for this Family Dollar location.

35.

Defendant Manager was negligent in his role as a member of the team that developed safety policies and procedures for this Family Dollar location.

36.

Defendant Manager was negligent in supervising the implementation of the designated safety policies regarding inspection of the premises, monitoring the premises for dangerous conditions, and maintaining and cleaning the store and its floors.

37.

Defendant Manager was negligent in the training or failing to train employees on reasonable and proper safety policies regarding inspection of the premises, monitoring the premises for dangerous conditions, and maintaining and cleaning the store and its floors.

38.

As a result of the foregoing, Defendant Manager breached a legal duty owed to Plaintiff.

39.

As a direct and proximate result of the negligence of Defendant Manager, the Plaintiff Paul Lockhart suffered serious and permanent injuries and damages.

## COUNT IV - NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 39 above as if fully restated.

40.

At all times relevant, Defendant Family Dollar, also including its agents, employees, and/or delegates owed Plaintiff Lockhart a duty to exercise that degree of care ordinarily possessed and exercised by owners, operators, constructors, managers and maintainers of premises open to invitees. This duty included, but was not limited to, Defendant Family Dollar's obligation to provide reasonable warning to invitees, such as Plaintiff Lockhart, of the existence of dangerous and hazardous conditions on said premises about which Defendant Family Dollar had actual and/or

constructive knowledge.

41.

Plaintiff Lockhart lacked knowledge of the hazardous condition despite the exercise of ordinary care due to the conditions within the control of the Defendant Family Dollar, particularly including but not necessarily limited to inadequate warning of the hazard.

42.

As a direct and proximate result of Defendant Family Dollar's negligence in failing to warn, Plaintiff Lockhart sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, lost wages, loss of consortium, and/or other damages, including, but not limited to, medical expenses as will be proven at trial and permitted under Georgia law.

43.

As a result of the negligence of the Defendants, Plaintiff Paul Lockhart has incurred partial medical expenses to date in excess of $50,500.00. Plaintiff is still in need of treatment, and several medical bills are outstanding.

44.

As a result of the negligence of the Defendants, Plaintiff Paul Lockhart will incur future medical expenses in an amount to be proven at trial.

45.

As a result of the negligence of the Defendants, Plaintiff Paul Lockhart has incurred general damages, including past, present and future mental and physical pain and suffering in an amount to be proven at trial.

### V: LIABILITY OF THE DEFENDANTS

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 45 above as if fully restated.

46.

Defendant Family Dollar and Defendant Manager are liable to Plaintiff Lockhart by virtue of one or more of the following acts, including but not limited to:

a. Failing to exercise ordinary care to have the premises in a reasonably safe condition; and/or

b. Failing to exercise ordinary care not to expose the invitees to unreasonable risk; and/or

c. Failing to adequately warn of the hazard; and/or

d. Negligent placement of any alleged warning sign in a manner where it was clearly visible; and/or

47.

Each of the forgoing acts and omissions, including but not limited to those alleged throughout this Complaint, constitutes an independent act of negligence on the part of both Defendant Family Dollar and Defendant Manager and one or more or all above-stated acts were the proximate and actual causes of damages to Plaintiff Lockhart. Defendant Family Dollar is liable for all damages recoverable under Georgia law.

48.

To the extent if Plaintiff Lockhart is deemed a licensee, Defendant Family Dollar and Defendant Manager failed to adhere to its duties to inspect the premises, manage the premises, construct the premises, maintain the premises, and/or warn Plaintiff Lockhart of dangers and hazards about which it had actual and/or constructive knowledge.

49.

As a direct and proximate result of Defendant Family Dollar's and Defendant Manager's negligence, Plaintiff Lockhart sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, lost wages, and other damages, including, but not limited to, medical

expenses as will be proven at trial and permitted under Georgia law.

50.

Plaintiff Lockhart states her intention and desire to bring each and every permissible, proper, and authorized claim for damages under all Georgia laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Paul Lockhart prays:

(a) That process issue and Defendants be served with the Summons and Complaint as provided by law;

(b) That the Plaintiff have judgment against Defendants for her special damages, including past medical expenses in an amount to be proven at trial;

(c) That the Plaintiff have judgment against Defendants for her future medical expenses in an amount to be proven at trial;

(d) That the Plaintiff have judgment against Defendants for her general damages, including past, present and future mental and physical pain and suffering in an amount to be proven at trial;

(e) That judgment be entered against Defendants for all Court costs;

(f) That the Plaintiff have a trial by jury; and

(g) That the Plaintiff have such other and further relief as is just and proper.

This the 29th day of September 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ *Twila Harris*

---

Twila Harris, Esq.
Georgia State Bar No. 006843
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Twila@Monge.lawyer

12

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-07111-S
9/29/2021 9:04 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Paul Lockhart**

PLAINTIFF

21-C-07111-S5

CIVIL ACTION NUMBER: _____

VS.

**Family Dollar Stores of Georgia, Inc**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Twila Harris/Monge & Associates
8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __29TH__ day of __SEPTEMBER__, 20__21__.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23858440**
**Date Processed: 10/01/2021**

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | JJ Jacobson-Allen<br>Heather Hunter |
| **Entity:** | Family Dollar Stores of Georgia, LLC<br>Entity ID Number  3697582 |
| **Entity Served:** | Family Dollar Stores Of Georgia, Inc |
| **Title of Action:** | Paul Lockhart vs. Family Dollar Stores of Georgia, Inc. |
| **Matter Name/ID:** | Paul Lockhart vs. Family Dollar Stores of Georgia, Inc. (11608164) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 21-C-07111-S5 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 10/01/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Twila Harris<br>800-899-5750 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Case 1:21-cv-04448-WMR   Document 1-1   Filed 10/27/21   Page 17 of 17

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07111-S5**
**10/22/2021 10:28 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PAUL LOCKHART,<br><br>  Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA, INC., JOHN DOE MANAGER and ABC CORP.,<br><br>  Defendants. | Civil Action<br>File No.:   21-C-07111-S5 |

DEFENSES AND ANSWER OF DEFENDANT FAMILY DOLLAR STORES OF GEORGIA, LLC, IMPROPERLY NAMED FAMILY DOLLAR STORES OF GEORGIA, INC.

COMES NOW, Family Dollar Stores of Georgia, LLC, improperly named Family Dollar Stores of Georgia, Inc., named Defendant in the above styled action, and files the following Defenses and Answer to Plaintiff's Complaint and shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, the Defendant answers the numbered paragraphs of the Complaint as follows: